UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| NEIL DAVID LAMBKA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 2:23-00220 |
| v. ) | |
| ) | |
| WEST VIRGINIA PAROLE BOARD, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees or Costs (Document No. 1), filed on March 21, 2023. Having examined Plaintiff's Amended Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

### FACTUAL BACKGROUND

**A.  Instant Case:**

On March 30, 2023, Plaintiff, acting *pro se*, filed his Amended Complaint[1] claiming entitlement to relief under 42 U.S.C. §1983.[2] (Document No. 7.) Plaintiff names the following as Defendants: (1) West Virginia Parole Board; and (2) Division of Corrections and Rehabilitation ("DCR"). (Id., pp. 1 and 4.) In support of his claim, Plaintiff states as follows:

---

[1] By Order entered on March 23, 2023, the undersigned notified Plaintiff of deficiencies in his Complaint and directed Plaintiff to file an Amended Complaint to correct such deficiencies. (Document No. 5.) The undersigned further advised Plaintiff that his Amended Complaint would "supersede the original Complaint (Document No. 2) and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them." (*Id.*)

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> I was on parole and was revoked for reasons unknown to me other than missing an appointment because of sickness. No one can find any reason for my incarceration because no one can find my charges anywhere.

(Id., p. 4.) As relief, Plaintiff requests "release from incarceration and pay me for my pain and suffering in here." (Id., p. 5.)

On April 20, 2023, Plaintiff filed a letter in support of his Amended Complaint. (Id., Document No. 9.) First, Plaintiff states "I can't get my witness to write statements when I'm in here but he admitted to telling them I was a sex offender which I'm not and he also told the parole board." (Id.) Second, Plaintiff contends that he is "disabled," and "I have been fighting for disability for 12 years and I still keep getting denied." (Id.) Finally, Plaintiff acknowledges that he has filed "other cases against [the Parole Board] because nobody can find where I was charged." (Id.)

**B.     Federal *Habeas* Proceedings:**

On March 21, 2023, Plaintiff also filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 in this Court initiating Case No. 2:23-cv-00221. (Civil Action No. 2:23-00221, Document No. 1.) Plaintiff named "W.V. Parole" as the Respondent claiming as follows: "I'm sitting here on no records found by ex-employer, Charleston Housing, my old lawyers office." (Id.) As relief, Plaintiff requested to be released on parole and to be awarded monetary damages for his pain and suffering." (Id.) Two days later, on March 23, 2023, Plaintiff filed a second Section 2241 Petition initiating Civil Action No. 2:23-00225. (Civil Action No. 2:23-00225, Document No. 1.) Plaintiff named the West Virginia Division of Corrections and Rehabilitation as the Respondent and noted that he was challenging a "parole violation." (Id.) In support, Plaintiff stated the following: "no one can find any of my records since 2017 like S.S. office, Charleston Housing, my lawyers from Romney WV." (Id.) Both of the above Petitions were

referred to United States Magistrate Judge Cheryl A. Eifert. (Civil Action No. 2:23-00221, Document No. 3 and Civil Action No. 2:23-00225, Document No. 3.) By Order entered on March 30, 2023, Judge Eifert consolidated the above actions designating Civil Action No. 2:23-00221 as the lead action. (Civil Action No. 2:23-00221, Document No. 8.) Since Judge Eifert's preliminary review revealed the Petitions were inadequate, Plaintiff was provided the opportunity to amend. (Id.) Subsequently, Plaintiff submitted two more form petitions – one requesting *habeas* relief under Section 2241 and the other seeking relief under Section 2254. (Id., Document Nos. 11 and 12.) In the Section 2241 Petition, Plaintiff again indicated that he was challenging his "parole violation." (Id., Document No. 11.) In the Section 2254 Petition, Plaintiff provided some information concerning his underlying state criminal cases and complained that "my charges [were] not reported." (Id., Document No. 12.) Plaintiff further stated that "my cases [were] never reported by min county so I could get in housing so I wouldn't have forgotten any important dates like seeing parole, and since they [weren't] reported I couldn't get in housing." (Id.) By Proposed Findings and Recommendation ("PF&R") entered on June 22, 2023, Judge Eifert recommended that Plaintiff's Petitions be denied after determining that Plaintiff failed to state a cognizable claim and failed to exhaust his state remedies. (Id., Document No. 13.) By Order entered on August 29, 2023, United States Chief District Judge Thomas E. Johnston adopted Judge Eifert's PF&R and dismissed Plaintiff's *habeas* actions. (Id., Document No. 18.)

C.  **Relevant State Court Procedural History**:

In her PF&R, Judge Eifert sets forth a thorough summary of Plaintiff's relevant state court proceedings. (Civil Action No. 2:23-00221, Document No. 13, pp. 2 – 3.) The undersigned, therefore, adopts and incorporates such as follows:

> From what little information was provided by Petitioner Neil Lambka ("Lambka") in his various petitions, the undersigned obtained records from the Clerk of the

Circuit Court of Mineral County, West Virginia regarding two felony criminal cases filed in that county against Lambka. The first case, *State of West Virginia v. Neil David Lambka*, Case No. 17-F-103, charged Lambka with one count of felony fraudulent schemes, two counts of felony forgery, and two counts of felony uttering. See Indictment, *West Virginia v. Lambka*, No. 17-F-103 (Min. Cir. May 2, 2017), at Dkt No. 1-1. On May 3, 2019, Lambka pleaded guilty in that criminal case to one count of fraudulent schemes in exchange for dismissal of the remaining charges. *See* Plea of Guilty, *Id.*, at Dkt. No. 30-1. The guilty plea was part of a larger plea agreement in which the parties arranged for the plea to be conditional on the following terms: the Court would defer accepting the plea for one year and would reduce the charge to a misdemeanor if Lambka successfully completed one year of probation and paid all fees and restitution; he was placed on two years' probation with the right for release and reduction after six months. *See* Conditional Plea Order, *Id.*, at Dkt No. 34-1. The Court accepted the conditional plea and plea agreement on October 8, 2019. *Id.* On March 25, 2020, a Violation Report was filed, charging Lambka with multiple violations of probation and requesting that he be arrested and detained. *See* Violation Report and Request for Hearing, *Id.*, at Dkt No. 51-1. The State made a motion to revoke Lambka's conditional plea and to adjudicate on the original charge. *See* Motion to Revoke Conditional Plea, *Id.*, at Dkt. No. 52-1. On August 20, 2020, the Circuit Court of Mineral County held a hearing on the probation violations and revoked Lambka's conditional plea. *See* Order, *Id.*, Dkt No. 71-1. He was adjudicated on the felony offense of fraudulent schemes, punishable by not less than one nor more than ten years in the state penitentiary, and scheduled for sentencing. *See* Order, *West Virginia v. Lambka*, No. 17- F-103 (Min. Cir. May 2, 2017), at Dkt No. 71-1. Lambka was sentenced on October 15, 2020 to not less than one year nor more than ten years and was committed and transferred to the custody of the West Virginia Division of Corrections and Rehabilitation. *See* Sentencing Order, *Id.*, at Dkt No. 73-1. The second criminal case, *State of West Virginia v. Neil David Lambka*, Case No. 21-F-2, charged Lambka with two counts of felony first degree arson. *See* Indictment, *West Virginia v. Lambka*, No. 21-F-2 (Min. Cir. Jan. 12, 2021), at Dkt No. 1-1. On November 29, 2021, the State and Lambka advised the Court that they had entered into an agreement whereby Lambka would plead guilty to one count of first degree arson, and they would jointly request a determinate sentence of four years to run concurrently with his sentence in the probation violation case, Case No. 17-F-103. *See* Plea and Sentencing Order, *Id.*, at Dkt No. 33-1. On December 14, 2021, the Court accepted the plea agreement, adjudged Lambka guilty of first degree arson, sentenced him to four years' imprisonment to run concurrent with his sentence in Case No. 17-F-103, and gave him credit for certain periods of time served. *Id.* According to the docket sheets, Lambka did not appeal the conviction or sentence in either criminal case. Moreover, the Clerks of the West Virginia Supreme Court of Appeals and the Intermediate Court of Appeals confirmed that Lambka has never been a party of record in either of those courts.

(Id.)

4

## THE STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. This screening is done prior to consideration of an Application to Proceed Without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se*

plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## **ANALYSIS**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

Initially, the undersigned notes that Plaintiff's filings are largely incoherent, rambling, and difficult to comprehend. It is very difficult to decipher Plaintiff's exact claims. Although this Court must liberally construe *pro se* filings, the Court is not required to make arguments on behalf of Plaintiff. This Court provided Plaintiff instructions and guidance on how to file his claim in order to avoid dismissal and Plaintiff failed to take advantage of such guidance. (See Civil Action No. 2:23-00220, Document No. 4.)

1. **Improper Parties:**

As stated above, to state and prevail upon a claim under Section 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. In Monell, the Supreme Court recognized that municipalities and municipal officials sued in an official capacity are suitable "persons" for such purposes. Monell, 436 U.S. at 690, 98 S.Ct. at 2035. The Supreme Court, however, later clarified that states, state agencies, or state officials sued in their official capacities cannot be sued for damages under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989)(suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Westinghouse Elec. Corp. v. West Virginia Dept. of Highways, 845 F.2d 468, 470 (4th Cir.), cert. denied, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988); also see Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983); Roach v. Burch, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983); Harvey v. West Virginia Parole

7

Bd., 2011 WL 3843816, * 4 (S.D.W.Va. July 11, 2011)("It is well-established that the West Virginia Parole Board and the West Virginia Division of Corrections are 'arms of the State' of West Virginia and are not 'persons' within the meaning of § 1983 for purposes of actions seeking money damages."); Webb v. Parsons, 2011 WL 2076419 (S.D.W.Va. May 6, 2011)(finding that the West Virginia Regional Jail Authority, an agency of the State of West Virginia, is immune from suit under the Eleventh Amendment); but also see Monell v. Dept. of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)(Municipalities are "persons" subject to suit under Section 1983); Gilco v. Logan County Commission, 2012 WL 3580056, * 6 (S.D.W.Va. Aug. 17, 2012)(J. Copenhaver)("Municipalities, such as the County Commission, are 'persons' subject to suit under section 1983.") Accordingly, the undersigned finds that West Virginia Parole Board and DCR must be dismissed because they are not "persons" as required by Section 1983.

**2.    Immunity of Parole Board Members:**

To the extent Plaintiff may be alleging that certain Parole Board members improperly denied and/or revoked his parole, the undersigned will briefly consider his claim. It is well established that quasi-judicial immunity protects parole board members from civil damages with regard to their consideration of parole. Pope v. Chew, 521 F.2d 400, 405 (4th Cir. 1975)("Parole Board members have been held to perform a quasi-judicial function in considering applications for parole and thus to be immune from damages in § 1983 actions."); also see Douglas v. Muncy, 570 F.2d 499 (4th Cir. 1978); Parkulo v. West Virginia Board of Probation and Parole, 199 W.Va. 161, 483 S.E.2d 507 (1997). Accordingly, the undersigned finds that the Parole Board members are entitled to immunity.

**3.    Heck:**

Plaintiff appears to seek monetary damages based upon his conclusory allegation of improper incarceration based upon an alleged parole violation. Given the nature of Plaintiff's allegations, it appears that Plaintiff is implying the invalidity of his parole status. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiff does not indicate that he has been successful in invalidating his alleged parole violation. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his parole violation has been invalidated, Plaintiff's Section 1983 claim is not cognizable pursuant to Heck. See Bryant v. Parole Office of Kanawha County, 2019 WL 7018978, * 2 (S.D.W.Va. Nov. 27, 2019)("[B]ecause the plaintiff's Complaint seeks damages in a section 1983 suit and, because it appears that his allegations bear on the validity of his parole status, he may not seek damages under section 1983 unless and until he can show that his parole violation has been invalidated."), report and recommendation adopted, 2019 WL 6999692 (S.D.W.Va. Dec. 19, 2019(J. Johnston). To the extent Plaintiff is requesting immediate release from custody, it is well settled that a petition for writ of *habeas corpus* is the exclusive

remedy for a state prisoner to seek immediate or speedier release from custody. Heck, 512 U.S. at 512, 114 S.Ct. 2364; Johnson v. Ozmint, 567 F.Supp.2d 806, 823 (D.S.C. 2008)(holding that release from custody is not a result obtainable in a Section 1983 action). Accordingly, the undersigned respectfully recommends that the above action be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees or Costs (Document No. 1), **DISMISS** Plaintiff's Complaints (Document Nos. 2 and 7) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties,

District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: January 26, 2024.

Omar J. Aboulhosn
United States Magistrate Judge